# NO. 12-14-00211-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN R. SOARD,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *TERRY THORN, SHELIA SMITH AND*<br>*MARY PAGE,* | | |
| *APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Appellee Terry Thorn has filed a motion to dismiss this appeal in its entirety for want of prosecution. We grant Thorn's motion and dismiss the appeal for want of prosecution.

### TRIAL COURT PROCEEDINGS

Soard sued Thorn and Appellees Sheila Smith and Mary Page in separate lawsuits. Thorn represented Soard for a time in the divorce action filed by Mary Soard, now Mary Page. Sheila Smith was Page's attorney in the divorce action. Soard's complaints against all three appellees pertain to their alleged misconduct during the pendency of the divorce action.

Thorn filed a motion to consolidate Soard's suit against him with the lawsuits against Smith and Page, which were pending in the same county. Soard filed written objections to Thorn's motion, but the trial court granted the motion and consolidated the three suits. Each appellee filed a motion for summary judgment, and the trial court granted all three motions.

## THE APPEAL

On April 9, 2014, Soard filed a notice of appeal in this court by which he sought to appeal the trial court's judgment signed on March 20, 2014, granting Appellees' respective motions for summary judgment.

The clerk's record was filed on August 6, 2014. Soard requested a reporter's record from two reporters. He did not immediately pay for the record prepared by one of them, and therefore that record was not filed until September 1, 2014. The second reporter notified this court that she would not be filing a record because she did not report any proceeding pertaining to this appeal. Accordingly, on September 1, 2014, Soard was notified that the clerk of this court believed the record to be complete. Thus, Soard's brief was due on October 2, 2014. *See* TEX. R. APP. P. 38.6(a).

When Soard did not file his brief on October 2, 2014, this court notified him that the brief was past due. Soard was further warned that the appeal could be dismissed unless, on or before October 17, 2014, he filed a motion for extension of time to file the brief. In response, Soard informed the clerk of this court that the appellate record was incomplete. He complained that the clerk's record was incomplete, but did not identify which documents were missing. He also complained that the second reporter had not filed the record he requested. We addressed this complaint with the reporter, who then filed the requested record on November 24, 2014. Consequently, Soard's new date for filing his brief was December 29, 2014. *See* TEX. R. APP. P. 38.6(a). However, Soard did not file his brief on that date.

On December 31, 2014, this court notified Soard that his brief was past due and warned that the appeal could be dismissed unless, on or before January 12, 2015, he filed a motion to extend the time for filing his brief. In response, Soard again complained about the documents missing from the clerk's record and also informed the court that the second reporter had failed to send him a copy of her portion of the record. The clerk of this court reviewed Soard's designation of the clerk's record and concluded that the designation was not sufficiently specific to comply with Texas Rule of Appellate Procedure 34.5(b)(2). Consequently, this court issued an order (1) directing Soard to file a specific designation of the clerk's record in the trial court, with a copy to the clerk of this court, not later than January 20, 2015; (2) making the supplemental clerk's record due thirty days after Soard filed his designation; (3) making Soard's

brief due thirty days after the supplemental clerk's record was filed; and (4) making Soard's brief due no later than February 19, 2015, if he did not file the designation as ordered.

Soard filed another designation of record. On February 5, 2015, the trial court clerk requested that Soard clarify his description of several documents. Additionally, the second reporter notified the clerk of this court that Soard had not received a copy of her record because he had not paid the fee for it. Accordingly, on March 6, 2015, Soard was notified that his brief was due on April 6, 2015. When Soard did not file his brief by April 6, the clerk of this court sent a late brief notice and warned that the appeal could be dismissed unless, on or before April 20, 2015, he filed a motion to extend the time for filing his brief. Following additional complaints by Soard, the trial court clerk informed the clerk of this court that no supplemental clerk's record had been filed because Soard had not paid the fee for its preparation. On May 14, 2015, Soard checked out the appellate record from this court, and on June 2, 2015, the clerk filed the supplemental record Soard had requested.

On June 4, 2015, Appellee Terry Thorn filed a motion to dismiss this appeal for want of prosecution. As grounds for dismissal, Thorn cites Soard's failure to comply with this court's notices directing him to file a motion for extension of time to file his brief, the number of extensions Soard has received, and his continuing failure to file his brief. In response, Soard asserts that the appellate record was not complete until he received the supplemental clerk's record on June 9, 2015, and that he now has thirty days from that date to file his brief.

After reviewing the status of this appeal, Thorn's motion to dismiss, and Soard's response, this court extended Soard's time for filing his brief to July 9, 2015, and warned him that no further extensions would be granted. We informed Soard that, to be considered timely filed, the brief must be received by the clerk of this court on or before 5:00 p.m. on July 9, 2015. Additionally, we passed consideration of Thorn's motion, stating that the court would rule on the motion promptly after July 9, 2015. Soard's deadline for filing his brief has now passed, and he has not filed a brief.

We agree that the appeal should be dismissed based upon Soard's failure to prosecute the appeal. Consequently, we grant Thorn's motion and *dismiss* the appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1); *A True Lucky Brand Oil & Gas Co., LLC v. Hagenbuch Ranch, LLC*, No. 11-12-00340-CV, 2013 WL 1384437, at \*1 (Tex. App.–Eastland Apr. 4, 2013, no pet.) (mem. op.) (per curiam) (dismissing for want of prosecution on motion of one appellee); *Higgins*

*v. Matagorda Cnty.*, No. 13-09-00431-CV, 2010 WL 467536, at *1 (Tex. App.–Corpus Christi Feb. 11, 2010, no pet.) (mem. op.) (per curiam) (same).

Opinion delivered July 15, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 15, 2015

NO. 12-14-00211-CV

**JOHN R. SOARD,**
Appellant
V.
**TERRY THORN, SHELIA SMITH AND MARY PAGE,**
Appellees

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 3-42003)

THIS CAUSE came on to be heard on the motion of Appellee **TERRY THORN** to dismiss the appeal herein, and the same being considered, it is hereby ORDERED, ADJUDGED and DECREED by this Court that the motion to dismiss be **granted** and the appeal be **dismissed for want of prosecution,** and that the decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*